IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **LAJUAN FAXIO,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 16-cv-0348 |
| **MORTGAGEIT, INC., *ET AL.*,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff LaJuan Faxio, proceeding *pro* se, filed this action on October 15, 2015, in the Circuit Court for Prince George's County challenging events related to a mortgage loan and subsequent foreclosure of the property. ECF No. 2. On February 8, 2016, Defendant Deutsche Bank National Trust Company ("Deutsche Bank") removed the case to this Court. ECF No. 1. Deutsche Bank moved to dismiss on February 16, 2016. ECF No. 14.

In her Complaint, Plaintiff alleges wrongful foreclosure, challenging Deutsche Bank's ability to foreclose on the property. ECF No. 2. She further claims fraudulent concealment by Defendant MortgageIT, Inc. ("MortgageIT"), unconscionable contracts, breach of fiduciary duty, slander of title, and intentional infliction of emotional distress. *Id.*

The issues have been briefed, and the Court now rules, no hearing being deemed necessary. Deutsche Bank's Motion will be granted, and Plaintiff's Complaint will be dismissed on the basis that this issue was already litigated and decided in the Circuit Court for Prince George's County, and this Court lacks the ability to re-decide the case. Further, the motion for a temporary restraining order, which Plaintiff filed before this case was removed from state court, will be denied in light of this Court's dismissal of this action. *See* ECF No. 6.

**BACKGROUND**

At issue is property that Plaintiff lost in foreclosure over three years ago, on July 17, 2012. ECF No. 14-1 at 11. In 2006, Plaintiff refinanced a previous mortgage transaction with a loan from MortgageIT. ECF No. 2 at ¶¶ 7, 10. The Note to MortgageIT was secured with a deed of trust, which was assigned to Deutsche Bank. ECF No 2. Plaintiff defaulted on the Note on January 2, 2010, and a foreclosure proceeding was initiated in the Circuit Court for Prince George's County. *Curran v. Faxio,* Case No. CAE12-02927. On July 10, 2012, Plaintiff filed an "Emergency Motion to Order a Temporary Restraining Order" claiming that Deutsche Bank lacked standing to foreclose because it was not the holder of the note. *Id.* Dkt. No. 12. The state court denied this motion, along with Plaintiff's motions to reconsider, which the Maryland Court of Special Appeals affirmed on October 25, 2013. *Id.* Dkt. Nos. 15, 18, 39; ECF No. 14-2. Plaintiff further attempted to halt the foreclosure and eviction proceedings through a series of appeals, stays, and emergency motions. *Id.*, Dkt. Nos. 22, 27, 37, 47, 53, 56, 61. Ultimately, the state court granted judgment to Deutsche Bank, awarding possession of the property, on June 24, 2013, ratified the auditor's report on February 12, 2015, and closed the case. *Faxio,* Case No. CAE12-02927, Dkt. Nos. 47, 50. Plaintiff filed the instant Complaint on October 15, 2015. ECF No. 2.

**DISCUSSION**

I.  **Standard of Review**

In a ruling on a motion to dismiss, the Plaintiff's well-pleaded allegations are accepted as true and the Complaint is viewed in the light most favorable to the Plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic

recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).

A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint in order for it to survive a motion to dismiss. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**II.    Analysis**

Deutsche Bank argues that claim preclusion bars Plaintiff's claims and that Plaintiff fails to state a claim under Rule 12(b)(6). ECF No. 14. However, subject matter jurisdiction is a threshold matter that this Court cannot ignore and thus first turns to the applicability of the *Rooker-Feldman* doctrine.

**a.  *Rooker-Feldman* Doctrine**

This Court lacks subject matter jurisdiction to hear this suit under the *Rooker-Feldman*[1] doctrine. "The *Rooker–Feldman* doctrine is a jurisdictional rule providing that lower federal courts generally cannot review state court decisions." *Holliday Amusement Co. of Charleston v. State of S. Carolina*, 401 F.3d 534, 537 (4th Cir. 2005).[2] This is true whether the claims have

---

[1] So named after *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–86 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923).
[2] Because the *Rooker–Feldman* doctrine is jurisdictional, this Court is free to raise it *sua sponte*. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997).

been "actually decided" in state court or are "inextricably intertwined" with a state court decision. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). "A federal claim is considered to be 'inextricably intertwined' with a state court judgment when 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Holliday Amusement Co.*, 401 F.3d at 437 (quoting *Allstate Ins. Co. v. W. Va. State Bar*, 233 F.3d 813, 819 (4th Cir. 2000)). In either case, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

"Courts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Sanders v. Cohn, Goldberg & Deutsch, LLC*, No. CV DKC 15-1571, 2016 WL 223040, at *4 (D. Md. Jan. 19, 2016) (internal quotations and citations omitted); *see id.* (listing cases). Here, the Plaintiff has already challenged the foreclosure in state court and is once again attempting to challenge the state court's judgments. Each of the counts in the Complaint stems from the state court foreclosure action. *See* ECF No. 2. Any adjudication of the current claims would require review of the state court's determinations and a determination of whether the proceedings were proper. *See Sanders*, No. CV DKC 15-1571, 2016 WL 223040, at *5 (internal citations omitted). Such a review is within the purview of the state appellate court, but not this Court. *See Brown*, 211 F.3d at 198–99; *Smalley v. Shapiro & Burson, LLP*, 526 F.App'x 231, 236 (4th Cir. 2013) ("*Rooker-Feldman* is implicated when, if in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual.") (citation and internal quotation marks

omitted). Thus, this Court lacks subject matter jurisdiction over Plaintiff's Complaint and must dismiss the action.

### b. *Res Judicata*

"[T]he *Rooker-Feldman* doctrine bars federal actions 'complaining of injuries caused by state-court judgments' themselves, [b]ut it does not apply to federal actions that are concurrent state court actions, and which originate from the same alleged injuries that occurred outside of the judicial process." *Roberts v. Thrasher*, No. CIV.A. ELH-15-1906, 2015 WL 4485477, at *2 (D. Md. July 20, 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). To the extent the Plaintiff's claims are not already barred by the *Rooker-Feldman* doctrine, "[i]t is well established that the doctrine of *res judicata* bars the relitigation of matters previously litigated between parties and their privies, as well as those claims that *could have been asserted and litigated in the original suit*." *Anyanwutaku v. Fleet Mortgage Grp., Inc.*, 85 F. Supp. 2d 566, 570 (D. Md.) *aff'd*, 229 F.3d 1141 (4th Cir. 2000) (emphasis added).

"The Maryland courts and this Court, applying Maryland law, have consistently held that *res judicata* bars collateral attacks on foreclosure judgments entered in the Circuit Courts." *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011), *aff'd*, 444 F. App'x 640 (4th Cir. 2011). Because the original suit was brought in state court, Maryland principles of *res judicata* apply. *See Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). "The elements of res judicata under federal law are analogous to those under Maryland law: (1) identical parties, or parties in privity, in the two actions; (2) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding; and, (3) a prior and final judgment on the merits, rendered by a court of competent jurisdiction in

accordance with due process requirements." *Anne Arundel Cty. Bd. of Educ. v. Norville*, 390 Md. 93, 108, 887 A.2d 1029, 1037–38 (2005).

All three prongs are satisfied here. First, the parties are identical or in privity. Second, all of the Plaintiff's claims are derived from the foreclosure action, and are thus part of the same claim. *See Norville*, 390 Md. 93, 108, 887 A.2d at 1038 ("[I]f the two claims or theories are based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them simultaneously."). Here, the docket of the state court foreclosure proceeding demonstrates that Plaintiff challenged the foreclosure process at virtually every conceivable juncture. Specifically, many of the grounds Plaintiff argues here are the exact arguments made before the state court—*e.g.*, that Deutsche Bank lacks standing and that it has no status as holder of the Note. Nevertheless, these objections were denied and the foreclosure was ratified by the circuit court. Plaintiff's other claims—problematic for other reasons, as well—all could have been raised during the action in state court. Third and finally, there was a final judgment on the merits in the prior litigation, despite the Plaintiff actively opposing the foreclosure every step of the way.

## CONCLUSION

The *Rooker-Feldman* doctrine divests this Court of jurisdiction and *res judicata* bars the Plaintiff's claims. Therefore, Defendant's Motion to Dismiss [ECF No. 14] will be granted; Plaintiff's Complaint [ECF No. 2] will be dismissed, Plaintiff's Motion for a Temporary Restraining Order [ECF No. 6] will be denied, and the Clerk will be ordered to close the case. A separate Order follows.

<u>Date</u>: April 5, 2016                                                         /s/
                                                                                       ROGER W. TITUS
                                                                                       UNITED STATES DISTRICT JUDGE